CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 23 2011

JULIA C. DUDLEY, CLERK
BY: S. Taylor
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| FRED L. WILSON, | ) |
| | ) |
| Petitioner, | ) Case No. 7:11CV00049 |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| | ) |
| TRACY RAY, WARDEN, | ) By: Glen E. Conrad |
| | ) Chief United States District Judge |
| Respondent. | ) |

Petitioner Fred L. Wilson, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. In his petition, Wilson challenges the computation of his current term of confinement. Upon review of the record, the court finds that the petition must be summarily dismissed as successive.

Wilson states that he filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, raising the following claims for relief:

> Claim A: Petitioner can show new err[ors] in sentence computations led to su[ic]ide attempt/changes leading to transfer to [Wallens Ridge State Prison] because staff, counselors, etc. refused to admit their errors for almost 3 years.

> Claim B: Petitioner can show how length of sentence was effected by not being allowed to earn good time allowances because of false charges, beatings, torture, etc. outlined in detail in Actual Petition (obtained from Supreme Court).

(DE 1, p. 3.) He asserts that as relief under § 2254 on these claims, he wishes to be "awarded [his] 85% good time at G.C.A. Level 1 to redress these issues which is only fair for good cause shown."

When a habeas petitioner presents a claim in a second or successive § 2254 petition that was presented in a previous petition, the court must dismiss the claim. 28 U.S.C. § 2244(b)(1). If a second or successive petition includes claims that could have been presented in a prior § 2254 petition, the district court must dismiss the petition unless the petitioner presents certification from the United States Court of Appeals for the Fourth Circuit authorizing the court to consider the second petition. § 2244(b)(4).

In a prior habeas petition, Wilson raised a claim similar to his current allegations. He asserted that because officials had delayed correcting a sentence calculation error and had falsely accused him of disciplinary infractions, he was entitled to have his sentence recalculated under the optimum good time earning rate that would have required him to serve only 85% of his sentence. The court dismissed the claim, finding that it did not state any ground for relief under § 2254. See Wilson v. Ray, Case No. 7:10CV00457, 2010 WL 5478479, at *2 (W.D. Va. Dec. 30, 2010). If Wilson's current claim is identical to the one raised in the previous petition, it must be dismissed under § 2244(b)(1). Even if the claim he now raises is not precisely the same, however, the court must summarily dismiss it, because Wilson fails to present certification from the Fourth Circuit authorizing a second or successive habeas petition on the issue of good time calculation. § 2244(b). An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and counsel of record for the respondent.

ENTER: This 22d day of February, 2011.

_____
Chief United States District Judge